IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL WASHINGTON ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO.: 2:05CV1058-F |
| ) | |
| CITY OF MONTGOMERY, AL, ) | |
| ) | JURY TRIAL DEMAND |
| Defendant. ) | |

## COMPLAINT

### I. INTRODUCTORY AND JURISDICTIONAL STATEMENT

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. Section 1331. This action arises under the First and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction of this Court is also invoked pursuant to the provisions of 28 U.S.C. Sections 1891 and 1983 being an action to redress the deprivation of rights secured by 42 U.S.C. Sections 1981 and 1983.

3. Jurisdiction of this Court is also invoked pursuant to 42 U.S.C. Section 2000e et seq. This is a suit in equity, authorized and instituted pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended. The jurisdiction of this Court is invoked to secure protection and to redress the deprivation of rights secured by 42 U.S.C. Section 2000e et seq., as amended (providing for injunctive relief against race discrimination in employment).

4. Further, the jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 2201 and

2202, the Declaratory Judgment Act.

5. Venue is properly placed in the Middle District of Alabama pursuant to 28 U.S.C. Section 1391, because Plaintiff's claims arise in this district.

## II. NATURE OF THE ACTION

6. This action seeks a declaratory judgment pursuant to 28 U.S.C. Section 2201, declaring that the action of the Defendants in failing and refusing to promote the Plaintiff to the position of Recreation Division Supervisor, denied the Plaintiff rights guaranteed him under the First and Fourteenth Amendment to the United States Constitution, 42 U.S.C. Section 1981, 1983, and 42 U.S.C. Section 2000e et seq., as amended. Further, the Plaintiff alleges that he is an intentional victim of retaliation by the defendant, as a result of prior EEO allegations by the Plaintiff and against this defendant. This action seeks mandatory, preliminary, and permanent injunctions requiring Defendant to appoint Plaintiff to the next available equivalent position with all back pay, allowances, seniority, tenure status and retirement benefits to which he would have been entitled had Plaintiff not been denied said position based on his race.

7. All acts complained of herein were done under color of state law.

## III. PARTIES

8. Plaintiff Michael Washington is an African American male, and a resident citizen of Montgomery County, Alabama. He is over the age of majority, and at all times material hereto, Plaintiff has been employed by Defendant City of Montgomery. Plaintiff has a Bachelor's degree from the University of Alabama, and has worked over twenty years as a permanent employee with the City of Montgomery, since retiring from the National Football League, in 1985.

9. Defendant, City of Montgomery, is now and was at all times relevant to these proceedings a municipality qualified to do business in the State of Alabama, and is doing business in the County of Montgomery. This Defendant has over 15 full time employees, and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

## FACTUAL ALLEGATIONS

10. At all times during his employment with the Defendant, City of Montgomery, Plaintiff work performance has been satisfactory and above.

11. During his tenure with the city of Montgomery, Washington has applied for numerous promotional positions.

12. As a result of Plaintiff's being passed over for numerous promotion opportunities he has brought past claims of race discrimination against the City of Montgomery. The Defendant has retaliated against the Plaintiff in his employment for exercising his legal rights.

13. On or about September 24, 2003 Plaintiff applied for the position of Recreation Division Supervisor. In March, 2004 he was informed that the City of Montgomery had appointed a white female to the position.

14. Upon information and belief, Plaintiff's qualifications and experience for the aforementioned position are equal to and/or superior to that of the white female appointed to the position.

15. Defendant, City of Montgomery, has a practice of appointing persons to administrative positions without consideration as to whether that person is best qualified for the job.

16. Plaintiff avers that he would have been selected and/or appointed to the position, for which he had applied and was qualified to perform, but for his race, and retaliation for having filed a prior EEO complaint against the City of Montgomery. As such, the action of Defendant,

City of Montgomery, in failing and refusing to select and/or appoint Plaintiff to the position violates rights guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. Sections 1981, 1983, and 42 U.S.C. Section 2000e et seq., as amended.

17. Plaintiff further avers that there has been and still exists a pattern and practice of employment discrimination based on race within the defendant City of Montgomery, as it relates to the promotion of blacks to administrative positions. This pattern and practice of discrimination is the result of promotional procedures which have an adverse impact on Blacks in violation of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. Sections 1981, 1983 and 42 U.S.C. Section 2000e et seq., as amended.

18. Plaintiff avers that Defendant's actions complained of herein are official custom or policy of the Defendant, City of Montgomery.

19. Plaintiff avers that the Defendant acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff his rights as herein alleged.

20. By reason of the action of Defendant as aforesaid, Plaintiff has suffered irreparable injury, hardship and harm. Plaintiff has no plain, speedy or adequate remedy, except this action for declaratory and injunctive relief.

## IV. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this honorable Court will:

(a) Issue a declaratory judgment that the actions of the Defendant City of Montgomery,

in failing and refusing to select and/or appoint Plaintiff to the aforementioned position as herein alleged, under the circumstances of this case, violated Plaintiff's rights as secured under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. Sections 1981, 1983 and 42 U.S.C. Section 2000e et seq., as amended.

(b) Issue a declaratory judgment declaring the employment practices of the Defendant City of Montgomery, as set out in the complaint, unlawful.

(c) Enter mandatory, preliminary and permanent injunctions requiring Defendant to promote Plaintiff to the aforementioned position or an equivalent position with all back pay, allowances, seniority, tenure status and retirement benefits to which Plaintiff would have been entitled had he been promoted to said position.

(d) Enter mandatory, preliminary and permanent injunctions enjoining Defendant from discrimination on the basis of race and retaliation in their promotion practices, as set out herein in this complaint.

(e) Enter an Order awarding Plaintiff his costs incurred in this lawsuit, together with a reasonable attorney's fee, to be taxed as part of the costs.

(f) Grant such additional and further relief as the Court deems proper and just in the premises.

Respectfully submitted,

*[signature]*
Janice Spears-Turk (ASB2195R69J)
Attorney for Plaintiff

OF COUNSEL:

LAW OFFICES OF J. D. SPEARS-TURK
2735 Office Park Circle
Montgomery, AL 36116
Telephone: (334) 274-0883
Facsimile: (334) 272-3031

## PROCESS SERVICE

Plaintiff is requesting service by certified mail from the U.S. District Court Clerk on the following:

Brenda Gail Blalock, Clerk
City of Montgomery
103 North Perry Street
Montgomery, AL 36104