**IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
ALABAMA NORTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL WASHINGTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CV-2:05CU1058-F |
| v. | ) | |
| | ) | |
| **CITY OF MONTGOMERY, AL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

Defendant, City of Montgomery, in the above styled action, by and through the above styled counsel, in response to the Complaint states unto the Court the following:

## JURISDICTION

1. Defendant admits that Court has jurisdiction under 28 U.S.C. § 1331 but denies the remaining allegations in paragraph 1 of Plaintiff's complaint and demands strict proof thereof.

2. Defendant admits that Court has jurisdiction under 28 U.S.C. § 1981 and 1983 but denies the remaining allegations in paragraph 2 and demand strict proof thereof.

3. Defendant admits that Court has jurisdiction under 42 U.S.C. § 2000 (e) et seq. but denies the remaining allegations in paragraph 3 and demands strict proof thereof.

4. Defendant admits that Court has jurisdiction under 28 U.S.C. § 2201 but denies the remaining allegations in paragraph and demands strict proof thereof.

5. Admitted.

## NATURE OF THE ACTION

6. Defendant denies the allegations in paragraph 6 of Plaintiff's complaint and demand strict proof thereof.

7. Defendant denies the allegations in Paragraph 7 of Plaintiff's complaint and demands strict proof thereof.

8. Defendant admits that Plaintiff is an African American male and a resident citizen of Montgomery County, Alabama. Defendant admits that Plaintiff is over the age of majority, and at all times material hereto, Plaintiff has been employed with the City of Montgomery but denies the remaining allegations in paragraph 8 and demands strict proof thereof.

9. Admitted.

## FACTUAL ALLEGATIONS

10. Defendant denies the allegations in paragraph 10 of Plaintiff's complaint and demands strict proof thereof.

11. Defendant denies the allegations in paragraph 11 of Plaintiff's complaint and demands strict proof thereof.

12. Defendant denies the allegations in paragraph 12 of Plaintiff's complaint and demands strict proof thereof.

13. Defendant denies the allegations in paragraph 13 of Plaintiff's complaint and demands strict proof thereof.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's complaint and demands strict proof thereof.

15. Defendant denies the allegations in paragraph 15 of Plaintiff's complaint and demands strict proof thereof.

16. Defendant denies the allegations in paragraph 16 of Plaintiff's complaint and demands strict proof thereof.

17. Defendant denies the allegations in paragraph 17 of Plaintiff's complaint and demands strict proof thereof.

18. Defendant denies the allegations in paragraph 18 and demands strict proof thereof.

19. Defendant denies the allegations in paragraph 19 and demands strict proof thereof.

20. Defendant denies the allegations in paragraph 20 of Plaintiff's complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant pleads the general issue and denies any allegations not specifically denied and demands strict proof thereof. Defendant denies that it acted in any manner which would constitute a violation of Title VII. Defendant denies that Plaintiff is entitled to any relief.

### SECOND DEFENSE

Defendant pleads that Plaintiff is failed to exhaust his administrative remedies and meet statutory requirements provided in 42 U.S.C. 2000(e). Plaintiff failed to timely file the Complaint after receiving his right to sue letter.

**THIRD DEFENSE**

Defendants plead insufficiency of service of process and insufficiency of process.

**FOURTH DEFENSE**

Defendants plead that their actions or practices did not cause a violation of Plaintiff's civil rights.

**FIFTH DEFENSE**

Defendants plead that Plaintiff's Complaint should be dismissed in there is no evidence of discrimination or of a policy or practice which violated Plaintiff's civil rights.

**SIXTH DEFENSE**

To the extent applicable, Defendants plead the statute of limitations, estoppel, waiver and laches.

**SEVENTH DEFENSE**

Defendants plead substantive and/or discretionary immunity.

**EIGHTH DEFENSE**

Defendants plead caps on damages pursuant to the Civil Rights Act of 1991.

**NINTH DEFENSE**

Defendants plead immunity from punitive damages and plead Alabama's statutory cap on damages.

**RESERVATION OF DEFENSES**

The Defendant reserves the right to plead additional defenses as they become known in the course of discovery.

Submitted this the 29th day of November, 2005.

    /s/Kimberly O. Fehl
KIMBERLY O. FEHL (FEH001)
Attorney for Defendant

City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, AL 36101-1111
Phone: (334) 241-2050
FAX: (334) 241-2310

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2005, I have mailed to the following by United States mail, first class, postage prepaid the following:

Hon. Janice Spears-Turk
2735 Office Park Circle
Montgomery, Alabama 36116

    /s/Kimberly O. Fehl
Of Counsel